UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARK BUSH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 1:20-CV-51 |
| v. | ) |
| | ) |
| VASYL NIKITIN and OTR EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES AND CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA.

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, 1441, and 1446, Defendants, VASYL NIKITIN and OTR EXPRESS, INC. ("OTR Express"), by counsel, hereby file this Notice of Removal to remove the above-entitled action to this Court based upon the following supporting grounds. Defendants, appearing solely for the purpose of this removal, and for no other purpose, and preserving all other defenses available to it, state as follows:

## VENUE

1. Removal to the Southern District of Indiana, Indianapolis Division, is appropriate pursuant to 28 U.S.C. § 1441(a), because the Southern District of Indiana, Indianapolis Division, embraces the County of Marion, where the action was pending prior to the filing of this Notice of Removal.

## REMOVAL IS TIMELY

2. On December 9, 2019, OTR Express was served with a Summons and Complaint in the above-entitled action via a process agent at Christine Petri-Express Process Service, c/o: Ace Licensing & Permits Inc., 8250 E. Washington St., Indianapolis, Indiana 46219.

3. On November 22, 2019, Defendant Vasyl Nikitin was served by certified mail with a Summons and Complaint in the above-entitled action at his dwelling house at 3327 N. Lamon Ave. Apt. 1, Chicago, Illinois 60641.

4. Pursuant to 28 U.S. Code § 1446(b)(2), Defendant Vasyl Nikitin hereby declares that he joins in this removal; that he consents to this removal; and that he supports this removal.

5. Therefore, removal is timely under 28 U.S.C. § 1446(b)(1).

## STATE COURT PROCEEDINGS

6. On or about November 8, 2019, Plaintiff Mark Bush (hereinafter "Plaintiff") filed an Appearance, Complaint, and Summons in the above-entitled action against Vasyl Nikitin and OTR Express in the Marion County Superior Court in the State of Indiana, Cause No. 49D13-1911-CT-047079, and is now pending therein.

7. On or about December 18, 2019, Plaintiff filed a Return of Service for Vasyl Nikitin.

8. On or about December 19, 2019, Plaintiff filed a Return of Service for OTR Express.

9. On or about December 20, 2019, Defendants filed Attorney Appearances and Motion for Enlargement of Time to File Responsive Pleading in the Marion County Superior Court in the above-entitled action.

10. On or about December 30, 2019, the Marion County Superior Court granted Defendants' Motion for Enlargement of Time to File Responsive Pleading.

11. No further proceedings have been had in the Marion County Superior Court.

12. Pursuant to S.D. Ind. L.R. 81-2(d), Defendants assert that there are no state court motions that remain pending at the time of this Notice of Removal.

## DIVERSITY JURISDICTION EXISTS

13. This is a civil action that falls within the Court's original jurisdiction under 28 U.S.C. § 1332 and is one that may be removed to this Court based on diversity of citizenship under 28 U.S.C. §§ 1441 and 1446.

14. Plaintiff is a citizen of the State of Indiana.

15. OTR Express is an Illinois Corporation with its principal place of business in Illinois. Thus, for purposes of diversity jurisdiction, OTR Express is a citizen of Illinois, and not of Indiana.

16. Vasyl Nikitin resides in Illinois. Thus, for purposes of diversity jurisdiction, Vasyl Nikitin is a citizen of Illinois, and not of Indiana.

17. There is complete diversity of citizenship between the parties named in this case.

18. The Court determines the amount in controversy as it exists at the time of removal. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). Generally, the amount in controversy is determined by the amount of money that a plaintiff seeks in good faith on the face of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938). However, pursuant to Indiana Trial Rule 8(A)(2), "no dollar amount or figure shall be included in the demand" for relief in a complaint seeking damages for personal injury. In other words, Indiana prohibits personal injury plaintiffs from listing a dollar figure in their demands for relief.

Here, Plaintiff demands in his Complaint a judgment "in a reasonable amount to be determined at the trial of the cause" for Plaintiff's alleged damages.

19. When the complaint does not establish the amount in controversy, a defendant's "good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Oshana v. Coca–Cola, Co.* 472 F.3d 506, 511 (7th Cir. 2006). Therefore, this Notice of Removal states that the monetary value of the amount in controversy exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a), based upon the following:

   a. Plaintiff alleges he sustained physical injuries and damages as a result of the incident forming the basis of his Complaint. (Compl. ¶ 1.)

   b. Plaintiff alleges said injuries and damages are permanent. (Compl. ¶ 8.)

   c. Plaintiff alleges he has suffered lost wages as a result of the incident forming the basis of his Complaint. (Compl. ¶ 9.)

   d. Plaintiff alleges he has incurred medical bills for the treatment of his injuries that he claims resulted from the incident forming the basis of his Complaint. (Compl. ¶ 9.)

   e. Plaintiff alleges he has experienced physical pain and suffering, including but not limited to losing the ability to perform usual activities, resulting in a diminished quality of life, as a result of the incident forming the basis of his Complaint. (Compl. ¶ 11.)

   f. On December 20, 2019, undersigned counsel asked Plaintiff's counsel if Plaintiff would be willing to stipulate that the amount in controversy does not exceed $75,000, exclusive of interest of costs.

      g. On December 23, 2019, Plaintiff's counsel responded in an email to undersigned counsel, representing to undersigned counsel that the amount-in-controversy requirement of 28 U.S.C. § 1332(a) is satisfied.

      h. A removing party may consider, when making the good-faith estimate of the amount of controversy, a plaintiff's failure to stipulate that her claim is worth less than $75,000, exclusive of interest and costs. *Workman v. United Parcel Serv., Inc.*, 234 F.3d 998, 1000 (7th Cir. 2000). The Seventh Circuit has held that when a plaintiff facing removal chooses not to stipulate that her claim is worth less than $75,000, "the inference arises that [she] thinks [her] claim may be worth more." *Id.*

20. Based on the above, Defendants' good-faith estimate is that Plaintiff seeks a recovery in excess of $75,000, exclusive of interest and costs; the value to Plaintiff of the relief sought in the Complaint exceeds $75,000, exclusive of interest and costs; and/or the amount in controversy exceeds $75,000, exclusive of interest and costs. Defendants' good-faith estimate is plausible and supported by a preponderance of the evidence.

21. Therefore, this state court action is properly removed to this Court in accordance with 28 U.S.C. §§ 1332, 1441, and 1446 because: (1) this action is a civil action pending within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division; (2) this action is between citizens of different States; (3) the amount in controversy exceeds $75,000 exclusive of interest and costs.

## **STATUTORY REQUIREMENTS**

22. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81-2(a), a copy of the entire state court file is attached as an Exhibit and includes the State Court Record as of the date of this

Notice of Removal, including the following: Complaint, Appearance, Summons, Summons, Return of Service, Return of Service, Appearance, Motion for Enlargement of Time, and Order Granting Motion for Enlargement of Time.

23. Pursuant to S.D. Ind. L.R. 81-2(c), a copy of the operative Complaint is also attached hereto as to this Notice of Removal.

24. A copy of this Notice of Removal has been filed in the Marion County Superior Court and Plaintiff has been served with both this Notice of Removal and the Notice of Filing Notice of Removal.

WHEREFORE, Defendants, VASYL NIKITIN and OTR EXPRESS, INC., by counsel, respectfully request that the above-entitled action be removed from the Marion County Superior Court to the United States District Court for the Southern District of Indiana, Indianapolis Division.

**LEWIS WAGNER, LLP**

By: */s/Katherine L. English*
LESLEY A. PFLEGING, #26857-49A
KATHERINE L. ENGLISH, #35219-49
***Counsel for Defendant***

{0019463/0020/02118375 v1}

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2020, a copy of the foregoing **Notice of Removal** was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the court's electronic filing system. Parties may access this filing through the court's system.

Bradford J. Smith
KEN NUNN LAW OFFICE
104 South Franklin Road
Bloomington, IN  47404
brads@kennunn.com
*Counsel for Plaintiff*

By: */s/ Katherine L. English*
    KATHERINE L. ENGLISH

LEWIS WAGNER, LLP
Suite 200
501 Indiana Avenue
Indianapolis, IN 46202
Telephone:    317-237-0500
Facsimile:     317-630-2790
lpfleging@lewiswagner.com
kenglish@lewiswagner.com

{0019463/0020/02118375 v1}